[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12833

Non-Argument Calendar

_____

SCHWAYN D. BRADLEY,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cv-01064-KD-N

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Schwayn Bradley appeals the district court's order granting summary judgment to the Postmaster General on his claims for retaliation and a retaliatory hostile work environment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Bradley's claims stem from a romantic relationship with his then-supervisor Postmaster Monica Fountain.  Bradley alleges that Fountain took retaliatory disciplinary actions against him after he ended their affair.  For several years, Bradley made numerous filings with the Equal Employment Opportunity Commission relating to these incidents.  This action derives from his removal in 2016.  At summary judgment Bradley was unable to present evidence causally connecting the EEOC filings with his removal, in large part because Fountain was no longer his supervisor when he was removed.

For federal employees, Title VII states that all personnel actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a). This prohibition of "any discrimination" bars reprisals against federal employees who file charges of discrimination.  *Babb v. Sec'y, Dep't of Veterans Affs.*, 992 F.3d 1193, 1203 (11th Cir. 2021). In a retaliation claim brought by a federal employee, the plaintiff must show that an employment or termination decision was "untainted by" discrimination.  *Id.* at 1202.  The relevant question is whether the protected activity was a but-for cause of the

differential treatment, not whether it was the but-for cause of the ultimate decision. *Id.* at 1205.

Title VII also prohibits the creation of a hostile work environment in retaliation for an employee's participation in a protected activity. *Tonkyro v. Sec'y, Dep't of Veterans Affs.*, 995 F.3d 828, 835 (11th Cir. 2021). To prevail as a plaintiff in a retaliatory hostile work environment claim, a public-sector employee must show that the conduct complained of "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 836 (quotation omitted); *see also Babb*, 992 F.3d at 1208.

The district court's order granting summary judgment on Bradley's retaliation claim rested on three independent grounds. *First,* Bradley did not establish evidence that the managers who decided to terminate him were aware of his prior EEOC filings. *Second,* Bradley did not establish that Fountain participated in the termination decision. And *third,* even if he had demonstrated his manager's awareness of his prior EEOC filings and that Fountain was involved in the decision, Bradley only provided evidence of retaliation due to personal animosity between himself and Fountain, not in response to any protected activity.

Bradley argues that the district court erred in granting summary judgment because it improperly accepted two disputed facts: (1) Monica Fountain was not involved in his termination; and (2) Philana Barksdale, who signed his notice of removal, had no knowledge of his prior EEOC filings. These arguments go to the

first two grounds of the district court's order. Bradley does not present arguments challenging the district court's third ground.

That omission is fatal to his appeal. To reverse a district court order that is based on multiple independent grounds, a party must convince us "that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground," and "judgment is due to be affirmed." *Id.* Bradley's failure to establish a causal connection between his EEOC activity and his removal was an independent ground for granting summary judgment. The district court was clear that, for purposes of this third independent ground, it assumed that Fountain was involved in the decision and that the decisionmakers were aware of his prior EEOC activity. Even if Bradley's arguments regarding the first and second grounds were correct, the third unaddressed basis for the district court's opinion would preclude this court from offering him relief. Because Bradley does not challenge the lower court's third independent ground, we affirm the order granting summary judgment on Bradley's Title VII employment discrimination claim for retaliation.

For the similar reasons, we also affirm the district court's order granting summary judgment on Bradley's retaliatory hostile work environment claim. The lower court granted summary

judgment because Bradley failed to specifically and adequately address why his claim of a retaliatory hostile work environment should survive a motion for summary judgment. The court found that Bradley failed to submit sufficient evidence to sustain his claim of a retaliatory hostile work environment, or to causally link the alleged retaliatory hostile work environment conduct to his protected activity. On appeal, Bradley does not address the district court's reasoning. He instead reiterates examples of alleged discriminatory treatment without arguing that the district court erred in finding that he failed to present evidence to substantiate these claims. Bradley therefore abandoned his claim on appeal. *See Sapuppo*, 739 F.3d at 681.

Because Bradley fails to properly challenge on appeal the district court's stated grounds for granting summary judgment on his retaliation and retaliatory hostile work environment claims, the judgment is affirmed. *Id.* at 680.[1]

**AFFIRMED.**

---

[1] In his opening brief, Bradley does not challenge the district court's dismissal of his race and sex discrimination claims. To the extent that Bradley raises arguments concerning his allegations of sex discrimination in his reply brief, these arguments are abandoned. *See Sapuppo*, 739 F.3d at 682–83. And to the extent that Bradley alleges a sexual harassment claim for the first time in his reply brief, we decline to consider it. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).